## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ARTHROCARE CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 07-729-SLR |
| v. | ) | |
| | ) | |
| GYRUS MEDICAL, INC., GYRUS ENT, L.L.C., | ) | **JURY TRIAL DEMANDED** |
| and GYRUS ACMI, INC., | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' ANSWER, DEFENSES, AND COUNTERCLAIM

Defendants/Counterclaimants Gyrus Medical, Inc., Gyrus ENT, L.L.C., and Gyrus ACMI, Inc. (collectively "Gyrus") answer the complaint and counterclaim against plaintiff/counterdefendant ArthroCare Corporation ("ArthroCare").

Initially, Gyrus responds to the numbered paragraphs of the complaint as follows:

1.      Gyrus is without information or knowledge sufficient to admit or deny the allegations of paragraph 1, and therefore denies the same.

2.      Admitted.

3.      Admitted.

4.      Admitted.

5.      Gyrus admits this is an action for patent infringement, that this Court has subject matter jurisdiction, and that venue lies in this district, but denies that Gyrus has infringed any patent of ArthroCare.

6.      Gyrus admits that U.S. Patent No. 5,697,882 (the "882 patent") is entitled "System and Method for Electrosurgical Cutting and Ablation," that a copy is included in Exhibit A to the complaint, that the 882 patent was issued on December 16, 1997, and that the 882 patent

identifies the inventors as Phillip Eggers and Hira Thapliyal and the assignee as ArthroCare, but is otherwise without information or knowledge sufficient to admit or deny the remaining allegations of this paragraph, and thus denies those allegations.

      7.     Gyrus admits that reexamination of the 882 patent was requested on April 18, 2003, that the United States Patent and Trademark Office ("PTO") reexamined the 882 patent, and that a copy of the Reexamination Certificate is included in Exhibit A to the complaint, but is otherwise without information or knowledge sufficient to admit or deny the remaining allegations of this paragraph, and thus denies those allegations.

      8.     Gyrus admits that, as a whole, Gyrus designs, develops, manufactures, imports, sells and/or offers for sale certain electrosurgical instruments in conjunction with the trade names and/or trademarks PLASMACISION, PLASMAKINETIC and PK, but denies that each defendant has conducted or conducts each of those activities for each such electrosurgical instrument.

      9.     Admitted.

      10.     Admitted.

      11.     Admitted

      12.     Gyrus incorporates by reference herein its above responses to paragraphs 1-11 of the complaint.

      13.     Denied.

      14.     Denied.

      15.     Denied.

      16.     Denied.

      17.     Denied.

## DEFENSES

Gyrus pleads the following defenses:

18    Gyrus does not make, use, sell, offer to sell or import any products that have been or are used to practice any of the methods recited by any of the claims of the 882 patent.

19.    Gyrus has not infringed, contributorily infringed or induced infringement by others of any claims of the 882 patent.

20.    The claims of the 882 patent are invalid for failure to comply with the conditions of patentability specified in Title 35 of the United States Code, including, without limitation, at least §§102, 103 and 112.

21.    ArthroCare's claims are barred under the doctrines of laches, estoppel, implied waiver and/or acquiescence.

22.    The claims of the 882 patent are unenforceable because of the inequitable conduct of ArthroCare and/or its attorneys during the reexamination of the 882 patent, as detailed below.

23.    At least some of the claims of the 882 patent, as reexamined, are invalid and unenforceable because they are broader than the original claims of the 882 patent.

24.    ArthroCare's claims are precluded by 35 U.S.C. §252 and §307(b).

## COUNTERCLAIM FOR DECLARATORY RELIEF

25.    This counterclaim requests that this Court declare the 882 patent invalid, unenforceable and not infringed by Gyrus. This Court has subject matter jurisdiction over this counterclaim under 28 U.S.C. §§1338, 2201 and 2202. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391.

26.    An actual and justiciable controversy exists between Gyrus and ArthroCare by virtue of the complaint and correspondence from ArthroCare alleging that Gyrus has infringed,

contributed to the infringement by others, and induced infringement of unspecified claims of the 882 patent.

## Count I
### (Non-Infringement and Invalidity)

27.     Gyrus does not make, use, sell, offer to sell or import any surgical instruments that have been or are used to practice a method recited by one or more claims of the 882 patent.

28.     Gyrus has not infringed, contributorily infringed or induced others to infringe any claims of the 882 patent.

29.     The claims of the 882 patent are invalid for failure to comply with the conditions of patentability specified in Title 35 of the United States Code, including, without limitation, at least §§102, 103 and 112.

30.     At least some of the claims of the 882 patent, as reexamined, are invalid and unenforceable because they are broader than the original claims of the 882 patent.

## Count II
### (Intervening Rights)

31.     ArthroCare's claims of infringement are precluded under 35 U.S.C. §§252 and 307(b) because the 882 patent, as reexamined, cannot abridge and/or affect Gyrus's right to continue the use of, to offer to sell, or to sell to others to be used, offered for sale, or sold, products (1) made, purchased, offered for sale, used, or imported prior to the issuance of the Reexamination Certificate or (2) for which substantial preparation was made prior to issuance of the Reexamination Certificate.  Thus, Gyrus should be permitted to continue the manufacture, use, offer for sale, sale and importation of those products.

## Count III
### (Unenforceability Due To Inequitable Conduct)

32.     The claims of the 882 patent are unenforceable because of ArthroCare's and/or its

attorneys' inequitable conduct during the reexamination of the 882 patent.  Specifically, in

*ArthroCare Corporation v. Ethicon, Inc., Mitek Surgical Products, Inc., and Gynecare, Inc.,*

Case No. C-98-0609 WHO in the United States District Court for the Northern District of

California, ArthroCare sought a preliminary injunction.  The Court denied the preliminary

injunction motion in a Memorandum Decision and Order dated December 1, 1998, and, as to

claims 1 and 32, stated:

> … defendants have demonstrated a substantial question as to whether the
> specification has not provided an enabling disclosure so that a person of
> ordinary skill in the art could achieve cold oblation without undue
> experimentation.  Thus, defendants have raised a substantial question that
> claims 1 and 32 of the '882 patent are invalid for lack of enablement.

33.     Despite that holding by the Court that there was a substantial question of

patentability as to at least certain claims of the 882 patent, ArthroCare did not provide that

Memorandum Decision and Order to the PTO during the reexamination proceeding, nor did

ArthroCare point out that holding to the PTO during the reexamination proceeding.  Rather,

ArthroCare merely identified the Memorandum Decision and Order in a list of litigation

documents, without providing copies to the PTO.  ArthroCare and its attorneys did not disclose

the Memorandum Decision and Order despite traversing a rejection of claim 1 during the

reexamination proceeding and despite the fact that an ArthroCare attorney, John Raffle, who was

intimately involved in the referenced case, (1) submitted a declaration in the reexamination

proceeding and (2) participated in an interview with the Patent Office Examiner during which the

patentability of claims 1 and 32, among others, was discussed.  The non-disclosure of the

Memorandum Decision and Order was a failure to provide information material to patentability, in violation of 37 C.F.R. §1.56.

34.    ArthroCare and its attorneys also did not provide to the PTO (1) the evidence that was the basis of the Court's determination of a substantial question as to patentability and (2) the evidence cited in defendants' motions for summary judgment of invalidity as to the 882 patent, including testimony by ArthroCare's expert. That also was a failure to provide information material to patentability, in violation of 37 C.F.R. §1.56.

## **RELIEF REQUESTED**

WHEREFORE, Gyrus prays for the following relief:

1.    the dismissal of the complaint with prejudice;

2.    an order declaring:

    a.    the 882 patent invalid and unenforceable against Gyrus and its customers;

    b.    the use of the Gyrus instruments specified in the complaint does not infringe any claims of the 882 patent; and

    c.    Gyrus has not induced or contributed to the infringement of any claims of the 882 patent by others;

3.    an award of Gyrus's costs, disbursements and attorneys fees for this action under 35 U.S.C. §285; and

4.    such further relief as this Court deems just and appropriate.

## JURY DEMAND

Gyrus demands a jury trial for all issues in Defendants' Answer, Defenses, and

Counterclaim that are triable by a jury.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

By:  */s/ Richard L. Horwitz*

Darle M. Short
Thomas J. Pardini
Daniel A. Tanner III
Daniel M. Schneider
OLIFF & BERRIDGE, PLC
277 S. Washington Street, Suite 500
Alexandria, VA 22314
Tel: (703) 836-6400

Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19899
Tel:  (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

Dated:  January 7, 2008
840304 / 32487

*Attorneys for Defendants*
*Gyrus Medical, Inc., Gyrus Ent., L.L.C.,*
*and Gyrus ACMI, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on January 7, 2008, the attached document was

electronically filed with the Clerk of the Court using CM/ECF which will send notification to the

registered attorney(s) of record that the document has been filed and is available for viewing and

downloading.

I further certify that on January 7, 2008, I have Electronically Mailed the document to the

following person(s):

Jack B. Blumenfeld
Karen Jacobs Louden
Morris Nichols Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
JBlumenfeld@MNAT.com
klouden@mnat.com

Nicholas Groombridge
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
nicholas.groombridge@weil.com

Jared Bobrow
Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
jared.bobrow@weil.com

Cabrach J. Connor
Kevin Kudlac
Weil, Gotshal & Manges LLP
8911 Capital of Texas Highway, Suite 1350
Austin, TX 78759
cabrach.connor@weil.com
kevin.kudlac@weil.com

/s/ Richard L. Horwitz
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
Wilmington, DE 19801
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

840224 / 32487