IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARTHROCARE CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GYRUS MEDICAL, INC., GYRUS ENT, L.L.C., and GYRUS ACMI, INC.,<br><br>　　　　Defendants. | C.A. No. 07-729 (SLR)<br><br>**JURY TRIAL DEMANDED** |

### ARTHROCARE CORPORATION'S REPLY
### TO DEFENDANTS' COUNTERCLAIM

ArthroCare Corporation ("ArthroCare") replies to the counterclaim in the Answer, Defenses, and Counterclaim of Gyrus Medical, Inc., Gyrus ENT, L.L.C. and Gyrus ACMI, Inc. (collectively "Gyrus") as follows:

### REPLY TO COUNTERCLAIM FOR DECLARATORY RELIEF

25.　ArthroCare admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1338, 2201, and 2202 over Gyrus's Counterclaim and that venue is proper in this district under 28 U.S.C. §1391.  Except as expressly admitted, ArthroCare denies the remaining allegations in paragraph 25 of Gyrus's Counterclaim and denies that Gyrus is entitled to any relief set forth in its Counterclaim or prayer for Counterclaim relief.

26.　ArthroCare admits that Gyrus, by denying ArthroCare's allegations of infringement, has created an actual controversy between ArthroCare and Gyrus.  Except as so expressly admitted, ArthroCare denies the allegations of paragraph 26 of Gyrus's Counterclaim.

## REPLY TO COUNTERCLAIM COUNT I
### (Non-Infringement and Invalidity)

27. ArthroCare denies the allegations of paragraph 27 of Gyrus's Counterclaim.

28. ArthroCare denies the allegations of paragraph 28 of Gyrus's Counterclaim.

29. ArthroCare denies the allegations of paragraph 29 of Gyrus's Counterclaim.

30. ArthroCare denies the allegations of paragraph 29 of Gyrus's Counterclaim.

## REPLY TO COUNTERCLAIM COUNT II
### (Intervening Rights)

31. ArthroCare denies the allegations of paragraph 31 of Gyrus's Counterclaim.

## REPLY TO COUNTERCLAIM COUNT III
### (Inequitable Conduct)

32. ArthroCare admits that in *ArthroCare Corporation v. Ethicon, Inc., Mitek Surgical Products, Inc., and Gynecare, Inc.*, Case No. C-98-0609-WHO (N.D. Cal.), the Court, in an interlocutory non-final decision, denied ArthroCare's motion for a preliminary injunction in a Memorandum Decision and Order dated on or about December 2, 1998. Except as so expressly admitted, ArthroCare denies the allegations of paragraph 32 of Gyrus's Counterclaim.

33. ArthroCare admits that John Raffle submitted a declaration in the '882 Patent reexamination proceeding, participated in an interview with the Patent Office Examiner during which the patentability of claims 1 and 32, among others, was discussed, and that ArthroCare disclosed to the Patent Office the Court's interlocutory non-final Memorandum

Decision and Order in the *Ethicon* case. Except as so admitted, ArthroCare denies the allegations of paragraph 33 of Gyrus's Counterclaim.

34. ArthroCare denies the allegations of paragraph 34 of Gyrus's Counterclaim.

35. ArthroCare denies that Gyrus is entitled to any of the relief set forth in its prayer for Counterclaim relief.

**PRAYER FOR RELIEF**

WHEREFORE, ArthroCare prays for judgment in its favor and against Gyrus as follows:

A. That Gyrus be adjudged to have infringed the '882 patent and that the Court enter judgment declaring the '882 patent to be enforceable, not invalid, and infringed by Gyrus;

B. That Gyrus, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, be preliminarily and permanently restrained and enjoined from directly or indirectly infringing the '882 patent;

C. An award of damages sufficient to compensate ArthroCare for Gyrus's infringement, pursuant to 35 U.S.C. § 284, said damages to be trebled because of Gyrus's willful infringement;

D. An assessment of pre-judgment and post-judgment interest and costs against Gyrus, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284;

E. That Gyrus be directed to pay ArthroCare's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285;

      F.    That Gyrus's counsel be directed to pay ArthroCare's excess costs, expenses, and attorneys' fees pursuant to 28 U.S.C. § 1927;

      G.    That Gyrus's Counterclaim be dismissed with prejudice and that Gyrus take nothing by its counterclaim against ArthroCare; and

      H.    That ArthroCare be granted such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, ArthroCare demands a trial by jury on all issues so triable.

MORRIS, NICHOLS ARSHT & TUNNELL LLP

*/s/ Karen Jacobs Louden*
_____
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
1201 North Market Street
Wilmington, DE 19899-1347
(302) 658-9200
*Attorneys for Plaintiff ArthroCare Corporation*

Jared B. Bobrow
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000

Kevin Kudlac
Cabrach J. Connor
WEIL, GOTSHAL & MANGES LLP
8911 Capital of Texas Highway
Suite 1350
Austin, TX 78759
(512) 349-1930

January 31, 2008

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on January 31, 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

Richard L. Horwitz

I also certify that copies were caused to be served on January 31, 2008, upon the following in the manner indicated:

**BY HAND AND E-MAIL**

Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
1313 N. Market Street
P.O. Box 951
Wilmington, DE  19899

**BY E-MAIL**

Darle M. Short
Thomas J. Pardini
Daniel A. Tanner, III
Daniel M. Schneider
Oliff & Berridge, PLC
277 S. Washington Street, Ste. 500
Alexandria, VA  22314

　　　　　　　　　　　　　　　　　*/s/ Karen Jacobs Louden*
　　　　　　　　　　　　　　　　　klouden@mnat.com (#2881)