# Morris, Nichols, Arsht & Tunnell

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Karen Jacobs Louden
(302) 351-9227
(302) 425-4681 Fax
klouden@mnat.com

February 6, 2008

**BY E-FILING**

The Honorable Sue L. Robinson
United States District Court
844 North King Street
Wilmington, DE 19801

    Re:    *ArthroCare Corporation v. Gyrus Medical Inc., et al.*, C.A. No. 07-729 (SLR)

Dear Judge Robinson:

    In furtherance to the Scheduling Conference held this morning, we provide a final Scheduling Order agreed upon by the parties that incorporates the dates set by the Court.

                              Respectfully,

                              Karen Jacobs Louden

/cbh
Enc.
cc:    Jared B. Bobrow, Esq. (by email, w/enc.)
        Richard L. Horwitz, Esq. (by hand and email, w/enc.)
        Darle M. Short, Esq. (by email, w/enc.)

1482600

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARTHROCARE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>GYRUS MEDICAL, INC., GYRUS ENT, L.L.C., and GYRUS ACMI, INC.,<br><br>Defendants. | C.A. No. 07-729 (SLR) |

## SCHEDULING ORDER

At Wilmington this _____ day of February, 2008, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b),

IT IS ORDERED that:

1. **Pre-Discovery Disclosures.** The parties will exchange by February 29, 2008, the information required by Fed. R. Civ. P. 26(a)(1).

2. **Discovery.**

    (a) Discovery will be needed on the following subjects: infringement, validity, enforceability, damages, willfulness, and injunctive relief.

    (b) All fact discovery shall be commenced in time to be completed by October 31, 2008.

    (1) Document production shall be completed on or before June 30, 2008.

(2) Maximum of 30 interrogatories by each party to any other party.

(3) In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

(4) Maximum of 50 requests for admission by each party to any other party, excluding requests for admission regarding authentication of documents.

(5) In the absence of agreement among the parties or by order of the court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production.

(6) Maximum of ten (10) fact depositions by plaintiff and ten (10), collectively, by defendants. Each fact deposition shall be limited to a maximum of seven (7) hours unless extended by agreement of the parties or by Court Order.

(c) Expert discovery shall be commenced in time to be completed by February 27, 2009.

(1) Expert reports on issues for which the parties have the burden of proof due December 5, 2008. Rebuttal expert reports due January 16, 2009.

(2) Expert depositions to be limited to a maximum of 7 hours per expert report unless extended by agreement of the parties.

(3) All *Daubert* motions shall be filed on or before March 20, 2009.

(d) If willfulness has been asserted and absent agreement among the parties, the defendant(s) must inform plaintiff as to whether it intends to rely on advice of counsel by September 5, 2008. If the decision is to rely on such advice, the scope of discovery shall include the materials provided by defendant(s) to its counsel and whatever other materials related to the issues in dispute that defendant(s) had in its possession at the time the advice was sought.

(e) Supplementations under Rule 26(e) due no later than 45 days before the close of fact discovery. The parties shall not be relieved of their duty or denied the opportunity to otherwise supplement their disclosures as may be required or permitted by Fed. R. Civ. P. 26(e).

(f) **Discovery Disputes.**

(1) The court shall conduct an in-person discovery status conference on July 30, 2008 at 4:30 p.m., the time to be allocated equally among the parties. **No motions to compel or motions for protective order shall be filed absent approval of the court.**

(2) The court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition and disputes over the terms of a protective order.

(3) Absent express approval of the court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

(g) **Fact Witnesses to be Called at Trial.** Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

3. **Joinder of other Parties and Amendment of Pleadings.** All motions to join other parties and amend the pleadings shall be filed on or before September 12, 2008.

4. **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge for the purposes of exploring ADR.

5. **Claim Construction Issue Identification.** If the court does not find that an earlier claim construction would be helpful in resolving the case, the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms September 26, 2008. This document will not be filed with the court. Subsequent to exchanging such lists, the parties will meet and

4

confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 7 below.

      6.    **Summary Judgment Motions.** All summary judgment motions shall be served and filed with an opening brief on or before March 27, 2009. Responsive briefing shall be filed on or before April 17, 2009. Reply briefing shall be filed on or before May 1, 2009. No summary judgment motion may be filed more than **ten (10)** days from the above date without leave of the court.

      7.    **Claim Construction.** Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning. Any language not so identified will be construed according to its ordinary dictionary meaning.

      The parties shall agree upon and file the Joint Claim Construction Statement on March 6, 2009, with the claim chart separately docketed. The parties will file simultaneous opening claim construction briefs on March 27, 2009. Simultaneous response briefs should be filed by April 17, 2009. Issues of claim construction shall be considered by the court in conjunction with the summary judgment motion(s). The hearing on the claim construction and motion(s) for summary judgment will be heard on June 26, 2009 at 9:30 a.m.

      8.    **Applications by Motion.** Any application to the court shall be by written motion filed with the clerk. **The court will not consider applications and requests submitted by letter or in a form other than a motion,** absent express approval by the court.

     (a) **Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.**

     (b) No telephone calls shall be made to chambers.

     (c) Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers utilizing the "E-mail Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Chief Judge Robinson's website and email the completed forms to slr_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said emails.

   9. **Motions in Limine.** No motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

   10. **Pretrial Conference.** A pretrial conference will be held on October 15, 2009 at 4:30 p.m. in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

   11. **Trial.** This matter is scheduled for a two week jury trial commencing on November 2, 2009 in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

SO ORDERED this ____ day of _____, 2008.

_____
United States District Judge

1481206