IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARTHROCARE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>GYRUS MEDICAL, INC., GYRUS ENT, L.L.C., and GYRUS ACMI, INC.,<br><br>Defendants. | C.A. No. 07-729-SLR<br><br>REDACTED -<br>PUBLIC VERSION |

## DECLARTION OF DEBRA J. PEARLSTEIN

OF COUNSEL:

Adam P. Strochak
WEIL, GOTSHAL & MANGES LLP
1300 Eye Street, NW, Suite 900
Washington, DC 20005
(202) 682-7000

Jared B. Bobrow
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000

Nicholas Groombridge
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8000

Kevin Kudlac
Cabrach J. Connor
WEIL, GOTSHAL & MANGES LLP
8911 Capital of Texas Highway, Ste 1350
Austin, TX 78759
(512) 349-1930

Original Filing Date: February 19, 2008

Redacted Filing Date: February 25, 2008

MORRIS NICHOLS ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
James W. Parrett (#4292)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
Telephone: (302) 658-9200

*Attorneys for Plaintiff ArthroCare Corporation*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARTHROCARE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>GYRUS MEDICAL, INC., GYRUS ENT, L.L.C., and GYRUS ACMI, INC.,<br><br>Defendants. | C.A. No. 07-729-SLR<br><br>REDACTED –<br>PUBLIC VERSION |

### DECLARATION OF DEBRA J. PEARLSTEIN

Debra J. Pearlstein declares:

1. I am a partner with Weil, Gotshal & Manges LLP ("Weil Gotshal"). I am resident in the firm's New York office and practice in the firm's antitrust group.

2. I was the lead U.S. antitrust lawyer on Weil Gotshal's representation of Olympus Corporation in its acquisition of Gyrus Group PLC. I led a team of attorneys in New York and Washington in filing notifications relating to the acquisition with the Federal Trade Commission and the United States Department of Justice and successfully resolving Federal Trade Commission questions regarding the transaction.

3. On November 12, 2007, I executed a Common Interest Agreement between Weil Gotshal and Allen & Overy LLP, Gyrus Group's counsel. The Common Interest Agreement was executed at the request of Allen & Overy to facilitate it in playing an active role in the antitrust review process.

4. Common interest agreements are not unusual in merger and acquisition

transactions, and are intended to protect communications to and from counsel for the parties from discovery by third parties in the event of a challenge to the proposed transaction. For example, if the Federal Trade Commission were to sue to block a proposed transaction, the parties would want to protect from discovery communications by and among their legal advisors relating to the antitrust review process. Without such an agreement, it might be argued that any applicable attorney-client privilege or work product protection is waived.

5. The antitrust review process for the Olympus/Gyrus acquisition took place in November and December 2007. Leading up to the announcement of the acquisition on November 19, 2007, I and other Weil Gotshal lawyers working with me analyzed potential antitrust issues and gathered information necessary to make required filings under the Hart-Scott-Rodino ("HSR") Antitrust Improvements Act. The HSR filing was made on November 26, 2007. Thereafter, we continued our review and into December we responded to questions from, and submitted further information to, the Federal Trade Commission. We consulted with Allen & Overy during this process and, pursuant to the Implementation Agreement, Weil Gotshal and Allen & Overy shared in advance, primarily on an "attorneys' eyes only" basis, documents and information each planned to submit to the Federal Trade Commission. Gyrus Group continued to provide information to Weil Gotshal after learning about the ArthroCare lawsuit, which I understand was filed in mid-November 2007.

6. Prior to November 16, 2007, when the Olympus deal team was informed about Weil Gotshal's representation of ArthroCare in the patent infringement lawsuit, to my knowledge the Weil Gotshal antitrust team had not received any non-public

information about Gyrus Group's PK product line. In connection with the antitrust review process, the Weil Gotshal antitrust team did not receive any information relating in any way to the ArthroCare patent infringement lawsuit. In addition, no information that was provided to Weil Gotshal by Gyrus Group in connection with the antitrust review, either before or after November 16, 2007, has been shared with any member of the ArthroCare patent litigation team.

7.   On December 26, 2007, the HSR waiting period expired, concluding the statutory antitrust review process in the United States.

I declare under penalty of perjury that the foregoing is true and correct. Executed in New York, New York, on February 19, 2008.

_____
Debra J. Pearlstein

## CERTIFICATE OF SERVICE

I, James W. Parrett, Jr., hereby certify that copies of the foregoing were caused to be served on February 25, 2008 upon the following in the manner indicated:

**VIA ELECTRONIC MAIL
and HAND DELIVERY**

Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
1313 North Market Street
Hercules Plaza – 6th Floor
Wilmington, DE 19801

**VIA ELECTRONIC MAIL**

Darle M. Short
Thomas J. Pardini
Daniel A. Tanner, III
Daniel M. Schneider
Oliff & Berridge, PLC
277 S. Washington Street, Ste. 500
Alexandria, VA 22314

/s/ *James W. Parrett, Jr.*
James W. Parrett, Jr. (#4292)