## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ARTHROCARE CORPORATION,

      Plaintiff,

      v.

GYRUS MEDICAL, INC., GYRUS ENT,
L.L.C., and GYRUS ACMI, INC.,

      Defendants.

C.A. No. 07-729-SLR

**REDACTED -**
**PUBLIC VERSION**

## DECLARTION OF JARED BOBROW

OF COUNSEL:

Adam P. Strochak
WEIL, GOTSHAL & MANGES LLP
1300 Eye Street, NW, Suite 900
Washington, DC 20005
(202) 682-7000

Jared B. Bobrow
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000

Nicholas Groombridge
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8000

Kevin Kudlac
Cabrach J. Connor
WEIL, GOTSHAL & MANGES LLP
8911 Capital of Texas Highway, Ste 1350
Austin, TX 78759
(512) 349-1930

Original Filing Date: February 19, 2008

Redacted Filing Date: February 25, 2008

MORRIS NICHOLS ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
James W. Parrett (#4292)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
Telephone: (302) 658-9200

*Attorneys for Plaintiff ArthroCare Corporation*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ARTHROCARE CORPORATION,

      Plaintiff,

      v.

GYRUS MEDICAL, INC., GYRUS ENT,
L.L.C., and GYRUS ACMI, INC.,

      Defendants.

C.A. No. 07-729-SLR

**REDACTED –
PUBLIC VERSION**

## DECLARATION OF JARED BOBROW

Jared Bobrow declares:

1.      I am a partner with Weil, Gotshal & Manges LLP ("Weil Gotshal") and serve as the co-head of the firm's patent litigation practice.

2.      Weil Gotshal is an international law firm of approximately 1,200 attorneys practicing worldwide. The firm is headquartered in New York and has 19 offices throughout the United States, Europe and Asia. This case is staffed with patent litigators in Weil Gotshal's Silicon Valley and Austin offices.[1]

3.      Weil Gotshal has represented ArthroCare Corporation in connection with United States Patent No. 5,697,882 (the "'882 Patent") since 1997. I have been one of

---

[1] While I was preparing for and attending a bench trial before this Court in early November 2007, a partner from the firm's New York office (Nicholas Groombridge) was involved in the case.

the lawyers representing ArthroCare on various matters related to the '882 Patent (and patents related to it) since that time.

4.     Over the course of the ArthroCare representation, Weil Gotshal attorneys have become familiar with the '882 Patent and its file history, the patented technology and its applications, and the types of businesses that manufacture and distribute products utilizing the invention. Weil Gotshal attorneys have investigated potentially infringing uses of the technology covered by the '882 Patent and have brought four lawsuits seeking to enforce the '882 Patent, including one prior lawsuit in this Court. *ArthroCare Corp. v. Smith & Nephew, Inc.*, 310 F. Supp. 2d 368 (D. Del. 2004), *aff'd in part, rev'd in part, and vacated in part*, 406 F.3d 1865 (Fed. Cir. 2005). In the *Smith & Nephew* case, I, along with other Weil Gotshal attorneys, tried patent infringement claims from three ArthroCare patents, including the '882 Patent, and then handled the appeal to the United States Court of Appeals for the Federal Circuit. Over the years, I have spent many hundreds of hours working on lawsuits involving the '882 Patent.

5.     ArthroCare asked Weil Gotshal to represent it in this matter adverse to Gyrus in late 2005 or early 2006. I formally opened a new matter in our system in early 2006. Weil Gotshal maintains a conflicts database containing information about each matter the firm handles. Gyrus Group was listed in the conflicts database as an adverse party on the ArthroCare matter.

6.     The attorneys working on this litigation were unaware of Weil Gotshal's representation of Olympus Corporation with respect to its proposed acquisition of Gyrus Group PLC until after we filed this lawsuit on November 14, 2007.

7.     On November 24, 2007, shortly after the Olympus matter was called to my

attention, I circulated a memorandum to all Weil Gotshal personnel stating the terms of

mandatory screening procedures imposed to ensure separation of the ArthroCare and

Olympus teams. A true and accurate copy of that memorandum, and its cover email, is

attached as Exhibit A.

8.      No lawyers on the ArthroCare team working on this case have worked on

the Olympus representation and no lawyers on the Olympus team have worked on the

ArthroCare matter. I am not aware of any instance where lawyers on the ArthroCare and

Olympus teams have discussed the two representations, except with respect to the

allegations by defendants of a conflict of interest and the steps Weil Gotshal has taken to

screen personnel on the ArthroCare matter from information and documents relating to

the Olympus matter, and vice versa. No lawyer on the ArthroCare team has received or

had access to any documents or due diligence information relating to the Olympus

representation. And to my knowledge no member of the Olympus team has received or

had access to any documents or information relating to the ArthroCare representation.

9.      I have assessed Weil Gotshal's ability to represent ArthroCare in this

lawsuit and I do not believe there are any material limitations on the firm's ability to do

so diligently and competently. The patent litigation team has no need for any access to

information that may have been provided to Weil Gotshal in connection with its

representation of Olympus in the acquisition and the screen between members of the

ArthroCare and Olympus teams does not impair our ability to litigate the patent case

effectively.

10.     ArthroCare has consented to Weil Gotshal's continued representation of

the company in this lawsuit and its concurrent representation of Olympus with respect to

its acquisition of Gyrus Group. A true and accurate copy of a letter confirming ArthroCare's consent is attached as Exhibit B.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 8, 2008, in San Jose, California.

Jared Bobrow

## CERTIFICATE OF SERVICE

I, James W. Parrett, Jr., hereby certify that copies of the foregoing were caused to

be served on February 25, 2008 upon the following in the manner indicated:

### VIA ELECTRONIC MAIL
### and HAND DELIVERY

Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
1313 North Market Street
Hercules Plaza – 6th Floor
Wilmington, DE 19801

### VIA ELECTRONIC MAIL

Darle M. Short
Thomas J. Pardini
Daniel A. Tanner, III
Daniel M. Schneider
Oliff & Berridge, PLC
277 S. Washington Street, Ste. 500
Alexandria, VA 22314


*/s/ James W. Parrett, Jr.*
James W. Parrett, Jr. (#4292)

# EXHIBIT A

----- Forwarded by Jared Bobrow/SV/WGM/US on 02/17/2008 08:40 AM -----

| | | |
|---|---|---|
| **Jared Bobrow/SV/WGM/US** | To | US All@WGM, EU All@WGM, AS All@WGM |
| 11/24/2007 12:45 PM | cc | |
| | Subject | Screening Memo |

Please review the attached screening memo.

Thank you.

Jared Bobrow
Weil, Gotshal & Manges LLP
Phone:  650-802-3034
Fax:  650-802-3100

E-mail:  jared.bobrow@weil.com

WEIL, GOTSHAL & MANGES LLP
M E M O R A N D U M

November 20, 2007

To:        All Personnel (All Offices)              cc: Ian Hamilton

FROM:      Jared Bobrow

RE:        Conflict of Interest Screening – ArthroCare Corporation/Olympus Corporation

WG&M represents Olympus Corporation ("Olympus") in connection with its

~~potential acquisition of Gyrus Group Ple and Gyrus subsidiaries (66178.0004).  WG&M also~~

represents ArthroCare Corporation ("ArthroCare") in a suit for patent infringement against three

Gyrus subsidiaries in the United States, namely, Gyrus Medical, Inc., Gyrus ENT, L.L.C., and

Gyrus ACMI, Inc. (collectively "Gyrus") (17550.0015).

        To avoid any appearance of impropriety, and to fulfill our commitments to the

clients involved, each timekeeper listed below who has provided, and all timekeepers who

hereafter provide, services to ArthroCare in connection with the ArthroCare/Gyrus patent

litigation must be screened from each timekeeper listed below who has provided, and all

timekeepers who hereafter provide, services to Olympus in connection with the Gyrus

acquisition.  Specifically, any such timekeepers working on the ArthroCare/Gyrus patent

litigation shall not (a) work on or have anything to do with Olympus's acquisition of Gyrus; (b)

discuss any aspect of the ArthroCare/Gyrus patent litigation with, or in the presence of, any

WG&M attorneys or personnel working on Olympus's acquisition of Gyrus; or (c) receive or

review any documents, files or information concerning Olympus's acquisition of Gyrus.

        Similarly, each timekeeper listed below who has provided, and all timekeepers

who hereafter provide, services to Olympus in connection with the Gyrus acquisition must be

screened from each timekeeper listed below who has provided, and all timekeepers who hereafter

provide, services to ArthroCare in connection with the ArthroCare/Gyrus patent litigation.

C:\DOCUME~1\STROCHAK\LOCALS~1\TEMP\NOTESC097FC\SCREENING MEMO – ARTHROCARE_GYRUS_OLYMPUS_#15094.DOC

Specifically, any such timekeepers working on Olympus's acquisition of Gyrus shall not (a)

work on or have anything to do with the ArthroCare/Gyrus patent litigation; (b) discuss any

aspect of Olympus's acquisition of Gyrus with, or in the presence of, any WG&M attorneys or

personnel working on the ArthroCare/Gyrus patent litigation; or (c) receive or review any

documents, files or information concerning the ArthroCare/Gyrus patent litigation.

      A list of WG&M timekeepers currently working on the respective matters is set

forth below.

| WG&M Timekeepers Currently Working for ArthroCare on the Gyrus patent litigation | WG&M Timekeepers Currently Working for Olympus on the Gyrus acquisition |
|---|---|
| Jared Bobrow | Michael Francies |
| Nicholas Groombridge | Akiko Mikumo |
| Paula Whitten | Ian Hamilton |
| Cabrach Connor | Debra Pearlstein |
| Margaret Masters | Lauren B Lipson |
| | Alan Kusinitz |
| | Eric S Hochstadt |
| | Meg Brown |
| | David G Adler |
| | Arnaud Felix |
| | Ritu Pancholy |
| | Philip Barahona |
| | Marie Carmant |
| | Daniel McLaughlin |
| | Cathy Dixon |
| | Ann Malester |
| | Steven Bernstein |
| | Doug Nave |
| | Andrew McLean |
| | Barry Fishley |
| | Alicia L Speake |
| | Oliver Walker |
| | Alexandra Ekpiken |
| | Maxine House |
| | Edward N Jackson |
| | Peter van Keulen |
| | Gail Marshall |
| | Julia Harkness |
| | Rachel Xuereb |
| | Christopher Smith |

Katherine Durkacz
Eleanore Varnham
Daniyal Stanton
Benedict Pearce

If anyone has any questions about the nature or extent of this screen, please contact Jared Bobrow or Ian Hamilton.

Thank you.

# EXHIBIT B

# WEIL, GOTSHAL & MANGES LLP

201 REDWOOD SHORES PARKWAY
REDWOOD SHORES, CA 94065
(650) 802-3000
FAX: (650) 802-3100

BOSTON
BUDAPEST
DALLAS
FRANKFURT
HONG KONG
HOUSTON
LONDON
MIAMI
MUNICH
NEW YORK
PARIS
PRAGUE
PROVIDENCE
SHANGHAI
SILICON VALLEY
SINGAPORE
WARSAW
WASHINGTON, D.C.
WILMINGTON

DIRECT LINE
650-802-3034
Jared Bobrow

February 18, 2008

BY E-MAIL

Richard Rew
ArthroCare Corporation
7500 Rialto Boulevard
Building Two, Suite 100
Austin, TX 78735

Re:     ArthroCare v. Gyrus

Dear Mr. Rew:

As we have previously discussed, since August 2007 Weil Gotshal has represented
Olympus Corporation in connection with its acquisition of Gyrus Group PLC. The acquisition
closed on February 1, 2008, and Gyrus Group PLC is now an indirect, wholly-owned subsidiary
of Olympus Corporation. Although Weil Gotshal's representation of Olympus in connection
with the Gyrus acquisition now is largely concluded, we anticipate that we will continue to
represent Olympus with respect to any necessary follow up work on this transaction and in other
matters.

The Olympus/Gyrus matter was staffed primarily with attorneys in our London office,
with assistance from lawyers in New York and Washington on antitrust and other issues. There
has been no overlap of personnel working on the Olympus/Gyrus transaction and those working
on ArthroCare matters. Upon commencement of the patent infringement lawsuit against Gyrus
on behalf of ArthroCare, Olympus retained separate counsel to perform any due diligence and
provide advice it required with respect to the lawsuit and Weil Gotshal was not involved in those
efforts.

During the course of the Olympus/Gyrus transaction, the Weil Gotshal Olympus team
received access to Gyrus Group information that is protected by confidentiality agreements and
which it may use solely for purposes of its work on that transaction. We have established
screening procedures to ensure that none of this information is communicated to any members of

WEIL, GOTSHAL & MANGES LLP

February 18, 2008
Page 2

the ArthroCare litigation team. Specifically, we have instructed all personnel that all members of
the ArthroCare/Gyrus patent litigation team must be screened from each member of the
Olympus/Gyrus acquisition team, and shall not: (a) work on or have anything to do with
Olympus's acquisition of Gyrus; (b) discuss any aspect of the ArthroCare/Gyrus patent litigation
with, or in the presence of, any WG&M attorneys or personnel working on Olympus's
acquisition of Gyrus; or (c) receive or review any documents, files or information concerning
Olympus's acquisition of Gyrus. We likewise have instructed all personnel that all members of
the Olympus/Gyrus acquisition team must be screened from all members of the ArthroCare
/Gyrus patent litigation team and shall not: (a) work on or have anything to do with the
ArthroCare/Gyrus patent litigation; (b) discuss any aspect of Olympus's acquisition of Gyrus
with, or in the presence of, any WG&M attorneys or personnel working on the ArthroCare/Gyrus
patent litigation; or (c) receive or review any documents, files or information concerning the
ArthroCare/Gyrus patent litigation. We intend to keep these screening procedures in place
permanently and will continue to comply with all confidentiality restrictions on the use of any
Gyrus Group information.

We do not believe these circumstances present a conflict of interest and, in any event,
have analyzed the situation and concluded that Weil Gotshal will be able to provide competent
and diligent representation to ArthroCare in the patent infringement lawsuit against Gyrus. The
Gyrus defendants disagree and, as you know, have moved to disqualify Weil Gotshal from
representing ArthroCare in the patent infringement case.

The purpose of this letter is to memorialize the circumstances and confirm that
ArthroCare has been advised of the information in this letter and consents to Weil Gotshal's
continued representation of ArthroCare in the patent infringement lawsuit, as well as Weil
Gotshal's continued representation of Olympus.

Please do not hesitate to contact me with any questions. Kindly countersign the letter and
return it to me by fax or pdf.

Sincerely,

*Jared Bobrow  w/ permission by*

Jared Bobrow

*Kevin Kudlac*

Acknowledged and agreed:

*Richard Rew*

Richard Rew