## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARTHROCARE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>GYRUS MEDICAL, INC., GYRUS ENT, L.L.C., and GYRUS ACMI, INC.,<br><br>Defendants. | C.A. No. 07-729-SLR |

## SUPPLEMENTAL DECLARATION OF IAN HAMILTON

Ian Hamilton declares:

1. I am a partner with Weil, Gotshal & Manges, the UK-affiliated partnership of Weil, Gotshal & Manges LLP, (together "Weil Gotshal") in the firm's corporate department and resident in the firm's London office. I am a solicitor qualified to practice in England & Wales and my practice consists of advising clients on merger and acquisition transactions and private equity investments.

2. I was the partner in day-to-day charge of Weil Gotshal's representation of Olympus Corporation in its acquisition of Gyrus Group PLC ("Gyrus Group"). Weil Gotshal's work on the Gyrus acquisition was and is performed pursuant to the terms of an engagement letter dated November 8, 2006. A true and accurate copy of the engagement letter (save for certain confidential information pertaining to an unrelated transaction which has been redacted) is attached as Exhibit A. The engagement letter was entered into in relation to a previous transaction involving Olympus Corporation and is expressed

to apply to all future matters in which Weil Gotshal represents Olympus Corporation.

3. On November 16, 2007, I exchanged emails with Mr. Aki Nambu of Olympus regarding Weil Gotshal's representation of ArthroCare. True and accurate copies of those emails are attached as Exhibit B.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed at London, England, on March 7, 2008.

*/s/ I.R. Hamilton*
Ian Hamilton

# EXHIBIT A

# WEIL, GOTSHAL & MANGES LLP
767 FIFTH AVENUE
NEW YORK, NY 10153
(212) 310-8000
FAX: (212) 310-8007

AUSTIN
BOSTON
BRUSSELS
BUDAPEST
DALLAS
FRANKFURT
HOUSTON
LONDON
MIAMI
MUNICH
PARIS
PRAGUE
PROVIDENCE
SHANGHAI
SILICON VALLEY
SINGAPORE
WARSAW
WASHINGTON, D.C.

November 8, 2006

AKIKO MIKUMO
DIRECT LINE (212) 310-8XXX
E-MAIL: akiko.mikumo@weil.com

Olympus Corporation
c/o Axes American LLC
420 Lexington Avenue, Suite 225
New York, NY 10170

Gentlemen:

This will confirm Weil, Gotshal & Manges LLP's ("WG&M's") engagement (the "Engagement") to represent Olympus Corporation ("Olympus").

WG&M's Engagement is to represent Olympus as a separate entity and not any of its parents, subsidiaries or other affiliates, or any individual directors, officers, employees, shareholders, or agents. In performing the Engagement, however, we will advise, and consult with Olympus by communicating with its directors, officers, and employees acting in their corporate capacities and with directors and officers of Axes American LLC and its affiliates (collectively, "Axes"), as agents of Olympus.

## Scope of the Engagement

The Engagement will consist of providing legal services in connection with a possible transaction ████████████████████████████████. Such services will cover all legal aspects of the transaction, including, legal due diligence (corporate, intellectual property, pensions, employee benefits, intellectual property, environmental, anti-trust and real property), anti-trust filings in the U.S. and EU, tax structuring, intellectual property licenses and transfers, and preparation and negotiation of all transaction agreements.

## Fees and Expenses

Olympus will be charged for WG&M's professional services at the firm's regular hourly rates then in effect for the attorneys or paralegals working on the Engagement. Currently, WG&M's billing rates range between $140 (for paralegals) and $890 per hour, depending upon the level of seniority and expertise of the particular

**WEIL, GOTSHAL & MANGES LLP**

Olympus Corporation
Axes (Japan) Securities Co. Ltd.
November 8, 2006
Page 2

attorney or paralegal involved. We will notify you of changes in billing rates within a reasonable period of time.

All statements for services rendered will set forth the time expended in rendering WG&M's services, describe those services, and, if requested, will specify the name of the individual who rendered the services during the particular period and that person's hourly billing rate.

In addition, Olympus will reimburse WG&M for all expenses incurred in connection with the services rendered. We will itemize all categories of reimbursable expenses as part of our statement. For your information, we are enclosing our fee and disbursement policy. We also may forward to you, for direct payment by Olympus, certain invoices or charges (e.g., expert fees, court reporter charges, corporate filing fees, etc.) received by us from third parties acting for the benefit of Olympus. Olympus shall be responsible for making these direct payments in a timely manner.

To the extent feasible, Olympus will be billed monthly for services rendered by us and expenses incurred by us. Please review our statements as soon as you receive them and promptly raise any questions that Olympus may have. If Olympus does not do so, we will assume that Olympus accept the statements as presented. Upon receipt of each of our statements, Olympus shall promptly remit the amount due us. If each of our statements is not paid in full on demand, we reserve the right to withdraw from representing Olympus immediately. We understand that all statements are to be submitted to Axes on behalf of Olympus.

### Conflicts Waiver

This firm is a general service law firm that Olympus recognize has represented, now represents, and will continue to represent numerous clients, nationally and internationally, over a wide range of industries and businesses and in a wide variety of matters. Given this, without a binding conflicts waiver, conflicts of interest might arise that could deprive Olympus or other clients of the right to select WG&M as their counsel. For example, when WG&M's financial restructuring and bankruptcy practice represents an entity in financial distress, WG&M could be called upon to act adversely to certain of that entity's numerous creditors, equity interestholders, or other parties in interest that may also be the firm's clients in unrelated matters.

Thus, as an integral part of the Engagement, Olympus agrees that WG&M may, now or in the future, represent other entities or persons, including in litigation, adversely to them or any of their respective affiliates on matters that are not substantially related to (a) the legal services that WG&M has rendered, is rendering, or

WEIL, GOTSHAL & MANGES LLP

Olympus Corporation
Axes (Japan) Securities Co. Ltd.
November 8, 2006
Page 3

in the future will render to Olympus under the Engagement and (b) other legal services that WG&M has rendered, is rendering, or in the future will render to Olympus or any of their affiliates (an "Allowed Adverse Representation").

Olympus also agrees that it will not, for itself or any other entity or person, assert that either (a) WG&M's representation of Olympus or any of its affiliates in any past, present, or future matter or (b) WG&M's actual, or possible, possession of confidential information belonging to Olympus or any of its affiliates is a basis to disqualify WG&M from representing another entity or person in any Allowed Adverse Representation. Olympus further agrees that any Allowed Adverse Representation does not breach any duty that WG&M owes to Olympus or any of its affiliates.

\* \* \*

Both we and Olympus can terminate this Engagement at any time, but doing so does not relieve Olympus from any obligation arising during the Engagement, including the obligation to pay our fees and disbursements when due. In addition to any other rights that we have to withdraw, WG&M may cease providing services to Olympus if Olympus does not timely comply with a reasonable request, or if WG&M, in its sole discretion, believes that continuing to provide services to Olympus will be unethical, improper, or inappropriate.

This agreement will continue in effect after WG&M's representation of Olympus has ceased. Once the Engagement has concluded, however, WG&M will have no responsibility to inform Olympus about changes in the law that affect advice or opinions that WG&M has previously provided.

The laws of the State of New York alone (including all rules or codes of ethics which apply to the providing of legal services), and without regard to its conflict of law rules, shall govern this agreement and its interpretation. Any dispute relating to this Engagement shall be decided exclusively by a state or federal court sitting in New York County without a jury. Both we and Olympus consent to the jurisdiction of these courts and waive any right to a jury trial.

Olympus acknowledges that WG&M is undertaking this Engagement in reliance upon Olympus entering into this agreement.

Finally, this agreement will also apply to all future matters in which WG&M represents Olympus, except that we will confirm in writing the specific scope of our engagement for each future matter and the modification for that matter, if any, to our retainer.

WEIL, GOTSHAL & MANGES LLP

Olympus Corporation
Axes (Japan) Securities Co. Ltd.
November 8, 2006
Page 4

      Please review this agreement. If the foregoing is in accord with your understanding of our agreement with Olympus, please execute the enclosed copy of this letter and return it to us.

      We are pleased to be of service in this matter, and we assure you of our continuing desire to be of service in the future.

                            Very truly yours,

AGREED TO AND ACCEPTED
this ___ day of November, 2006

AXES AMERICAN LLC, on behalf of
OLYMPUS CORPORATION

By: _____
Its PRESIDENT

# EXHIBIT B



Ian Hamilton/LO/WGM/US
16/11/2007 08:36

To  a_nambu@ot.olympus.co.jp
cc  "Michael Francies" <michael.francies@weil.com>, akiko.mikumo@weil.com, "Graham Davidson" <gdavidson@pwpartners.com>
bcc
Subject  US patent litigation

File To Records: ☐ Yes

Dear Nambu-san,

I understand that Graham has discussed with you my firm's involvement in the US patent litigation launched against Gold yesterday. As I believe that Graham explained to you, that involvement means that we are unfortunately unable to participate in any discussions with Gold, yourselves or your other advisers specifically in relation to the litigation. However, it does not affect our ability to continue to act for you on the proposed transaction.

I apologise for any inconvenience which this may cause you. If we are able to assist you in appointing another firm to advise you on the litigation please let me know and we will gladly do so.

If you wish to discuss this further with me, Mike Francies or Akiko Mikumo please feel free to call.

Best regards,
Ian

---

Ian Hamilton, Partner
Weil, Gotshal & Manges
One South Place, London, EC2M 2WG, UK
Tel: +44 20 7903 1534
Fax: +44 20 7903 0990
Mob: +44 7775 512 233

---



a_nambu@ot.olympus.co.jp
16/11/2007 08:44

To  Ian.Hamilton@weil.com

cc  akiko.mikumo@weil.com, "Graham Davidson" <gdavidson@pwpartners.com>, "Michael Francies" <michael.francies@weil.com>

bcc

Subject  Re: US patent litigation

File To Records: ☐ Yes

History:  ⤴ This message has been forwarded.

Mr. Hamilton

Thank you for letting us know the your situation.
I believe that Graham-san is taking care of a firm who will assist us to get to know further in terms of litigation.

Best Regards,

Aki Nambu
Olympus


                    Ian.Hamilton@weil.com
To
                    2007/11/16 17:37              Akihiro
Nambu/jp/olympus@olympus

cc
                                         "Michael Francies"
<michael.francies@weil.com>, akiko.mikumo@weil.com,
                                         "Graham Davidson"
<gdavidson@pwpartners.com>

Subject
                                         US patent litigation


Dear Nambu-san,

I understand that Graham has discussed with you my firm's involvement in the US patent litigation launched against Gold yesterday.  As I believe that Graham explained to you, that involvement means that we are unfortunately unable to participate in any discussions with Gold, yourselves or your other advisers specifically in relation to the litigation.  However, it does not affect our ability to continue to act for you on the proposed transaction.

I apologise for any inconvenience which this may cause you.  If we are able to assist you in appointing another firm to advise you on the litigation

please let me know and we will gladly do so.

If you wish to discuss this further with me, Mike Francies or Akiko Mikumo please feel free to call.

Best regards,
Ian

---

Ian Hamilton, Partner
Weil, Gotshal & Manges
One South Place, London, EC2M 2WG, UK
Tel: +44 20 7903 1534
Fax: +44 20 7903 0990
Mob: +44 7775 512 233

---

------------------------------------------
The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email (postmaster@weil.com), and destroy the original message. Thank you



Ian Hamilton/LO/WGM/US
16/11/2007 18:22

To a_nambu@ot.olympus.co.jp
cc
bcc
Subject Gold

File To Records: ☐ Yes

Dear Mr. Nambu,

Further to our e-mail correspondence on this matter, my colleagues in the United States reminded me to explain to you that we will continue to represent ArthroCare in its litigation against Gold even following the acquisition of Gold by Orange. Amongst other reasons, professional rules of conduct prevent us from pulling out of representation of a client without good cause.

I hope that you understand.

Best regards,
Ian

---

Ian Hamilton, Partner
Weil, Gotshal & Manges
One South Place, London, EC2M 2WG, UK
Tel: +44 20 7903 1534
Fax: +44 20 7903 0990
Mob: +44 7775 512 233

---

< END >

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

>Richard L. Horwitz
>David E. Moore
>POTTER ANDERSON & CORROON LLP

I further certify that I caused to be served copies of the foregoing document on March 11, 2008 upon the following in the manner indicated:

Richard L. Horwitz                              *VIA ELECTRONIC MAIL*
David E. Moore                                  *and HAND DELIVERY*
POTTER ANDERSON & CORROON LLP
1313 North Market Street
Hercules Plaza – 6th Floor
Wilmington, DE  19801

Darle M. Short                                  *VIA ELECTRONIC MAIL*
Thomas J. Pardini
Daniel A. Tanner, III
Daniel M. Schneider
Oliff & Berridge, PLC
277 S. Washington Street, Suite 500
Alexandria, VA 22314

>*/s/ James W. Parrett, Jr.*
>_____
>James W. Parrett, Jr. (#4292)