## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARTHROCARE CORPORATION, | ) |
| | ) |
| Plaintiff, | ) C.A. No. 07-729-SLR |
| | ) |
| v. | ) **JURY TRIAL DEMANDED** |
| | ) |
| GYRUS MEDICAL, INC., GYRUS ENT, L.L.C., | ) **PUBLIC VERSION** |
| and GYRUS ACMI, INC., | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' SUR-SURREPLY BRIEF REGARDING DEFENDANTS' MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL WEIL, GOTSHAL & MANGES

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

OF COUNSEL:

Darle M. Short
Thomas J. Pardini
Daniel A. Tanner III
Daniel M. Schneider
OLIFF & BERRIDGE, PLC
277 S. Washington Street, Suite 500
Alexandria, VA 22314
Tel: (703) 836-6400

*Attorneys for Defendants*
*Gyrus Medical, Inc., Gyrus ENT., L.L.C.,*
*and Gyrus ACMI, Inc.*

Dated: March 19, 2008
Public Version Dated: March 24, 2008
856661/ 32487

## TABLE OF CONTENTS

Page

I.     INTRODUCTION ..................................................................................................1

II.    THE NOVEMBER 8, 2006 ENGAGEMENT LETTER ON ANOTHER
       MATTER FURTHER SUPPORTS WEIL'S DISQUALIFICATION.................................2

III.   THE EXHIBITS TO MR. HAMILTON'S SUPPLEMENTAL
       DECLARATION ALSO FURTHER SUPPORT WEIL'S
       DISQUALIFICATION .............................................................................................3

IV.    ARTHROCARE CONFIRMS THAT DISQUALIFICATION IS
       WARRANTED IF MATTERS OF CONCURRENT
       REPRESENTATIONS ARE RELATED ........................................................................4

V.     ARTHROCARE AGAIN IGNORES THE PREJUDICE TO OLYMPUS
       IF OLYMPUS TERMINATED WEIL WHEN OLYMPUS LEARNED
       OF THE CONFLICT ..............................................................................................5

VI.    CONCLUSION.......................................................................................................5

## I.    **INTRODUCTION**

ArthroCare's surreply brief and its exhibits provide further reasons why Weil should be disqualified from representing ArthroCare in this case. ArthroCare submits as Exhibit A with its surreply brief a November 8, 2006 Weil/Olympus engagement letter in another matter that ArthroCare asserts covers Weil's representation of Olympus in the Gyrus acquisition. If true, Weil's representation of ArthroCare in this case is directly contrary to the provisions of that engagement letter. Further, the e-mails of Exhibit B to the surreply brief further establish that Weil readily recognized that there was a conflict between its representations of Olympus in the Gyrus acquisition and ArthroCare in this lawsuit against Gyrus. Those e-mails also further establish that, in view of that conflict, Weil recused itself from analyzing the ArthroCare litigation as part of Weil's due diligence work on behalf of Olympus, even though it was contractually bound to do so. That alone is evidence that there is a conflict mandating Weil's disqualification. Finally, ArthroCare acknowledges that disqualification is proper when matters are substantially related in concurrent and conflicting representations. Weil's due diligence representation of Olympus in its acquisition of Gyrus and this case have common subject matter and are thus substantially related, again as evidenced by Weil's recusal from its due diligence duties on behalf of Olympus with regard to this case.[1]

---

[1] ArthroCare's surreply brief also violates the Stipulation and Order to File Surreply entered by the Court on March 11, 2008. That Stipulation and Order provides that ArthroCare can file a surreply "in order to address new information introduced [in Gyrus's reply brief]." At least Sections A and C of ArthroCare's surreply brief have nothing to do with any alleged "new information." Rather, those sections merely reiterate arguments made in ArthroCare's reply brief. Even Section B only addresses information that was available to Weil/ArthroCare at all times. Thus, the surreply brief should be disregarded by the Court. Gyrus is not filing a motion to strike the surreply brief so as to not further burden this Court with pleadings.

II.    **THE NOVEMBER 8, 2006 ENGAGEMENT LETTER ON ANOTHER MATTER FURTHER SUPPORTS WEIL'S DISQUALIFICATION**

ArthroCare asserts that Weil obtained a prospective consent from Olympus for Weil to represent ArthroCare against Gyrus, citing only a November 8, 2006 engagement letter between Weil and Olympus on an unrelated matter, which letter is Exhibit A to ArthroCare's surreply brief. ArthroCare argues that the engagement letter covers Weil's representation of Olympus in the Gyrus acquisition, and provides Olympus's "prospective" consent for Weil to represent ArthroCare in this case.

Initially, it is not true that the engagement letter covers Weil's representation of Olympus in the Gyrus acquisition because, according to the last paragraph on page 3, the engagement letter applies "to all future matters in which [Weil] represents Olympus, except that [Weil] will confirm in writing the specific scope of our [Weil's] engagement for each further matter ..." Apparently that was not done with respect to Weil's due diligence work on the Gyrus acquisition, because ArthroCare has not proffered any evidence in that regard.[2] Thus, ArthroCare's argument that the engagement letter covers Weil's representation of Olympus in the Gyrus acquisition is misplaced.

Even if the engagement letter covers Weil's representation of Olympus in the Gyrus acquisition, the letter further establishes that there is a conflict between the two subject representations that should result in Weil's disqualification.

First, under the subheading "Scope of the Engagement" on page 1, the engagement letter specifies that Weil's services "will cover all legal aspects of the transaction, including, legal due diligence (corporate, intellectual property, pensions, employee benefits, intellectual property [sic, mentioned twice], environmental, anti-trust and real property) ..." If that scope of Weil's

---

[2] ArthroCare's answering brief, at page 5, acknowledges that Weil opened a new matter file on the Olympus/Gyrus matter on August 6, 2007.

services applies to Olympus's acquisition of Gyrus as argued by ArthroCare, the conflict is clear. Under the engagement letter, Weil is contractually bound to provide due diligence for Olympus as to all intellectual property matters of Gyrus. Conducting the due diligence of the intellectual property matters of Gyrus for Olympus in the Gyrus acquisition covers the ArthroCare lawsuit. Weil would be conducting due diligence of the very lawsuit it filed.

Second, even in the "conflicts waiver" section of the engagement letter discussed at pages 2-4 of ArthroCare's surreply brief (at pages 2 and 3 of the letter), the waiver is limited to "matters that are not substantially related to (a) the legal services that [Weil] has rendered, is rendering, or *in the future* will render to Olympus under the Engagement and (b) other legal services that [Weil] has rendered, is rendering, or *in the future* will render to Olympus *or any of their affiliates* ..." (emphasis added). As discussed in detail in Gyrus's initial and reply briefs, this lawsuit is substantially related to Weil's due diligence pertaining to the Olympus acquisition of Gyrus because of the overlapping subject matter. In fact, Weil had to recuse itself from part of the due diligence because of the conflict.

## III.    THE EXHIBITS TO MR. HAMILTON'S SUPPLEMENTAL DECLARATION ALSO FURTHER SUPPORT WEIL'S DISQUALIFICATION

In the e-mails attached as Exhibit B to ArthroCare's surreply brief, Weil again acknowledges the conflict between its due diligence work on behalf of Olympus pertaining to the Gyrus acquisition and this lawsuit. Specifically, in a November 16, 2007 e-mail to Olympus, Mr. Hamilton of Weil states that Weil's "involvement [in the ArthroCare litigation] means that we are unfortunately unable to participate in any discussions with [Gyrus], yourselves or your other advisers specifically in relation to the litigation." Thus, Mr. Hamilton expressly acknowledges the conflict of interest. Mr. Hamilton, in a later e-mail that same day, again misrepresents the law to Olympus to persuade Olympus that Weil should continue to represent

3

both Olympus in the acquisition of Gyrus and ArthroCare in the lawsuit against Gyrus, stating that "professional rules of conduct prevent us from pulling out of representation of a client without good cause." That is an incorrect statement of the law, and a misrepresentation to Olympus. That is on the heels of other misstatements and misrepresentations by Mr. Hamilton to Olympus on the conflict issue. See page 12 of Gyrus's initial brief.

## IV.    ARTHROCARE CONFIRMS THAT DISQUALIFICATION IS WARRANTED IF MATTERS OF CONCURRENT REPRESENTATIONS ARE RELATED

ArthroCare finally acknowledges that an attorney's concurrent representations of parties with adverse interests are only permitted when the representations involve unrelated matters. *See, e.g.,* page 2 of the surreply brief. However, ArthroCare continues to assert that ArthroCare is not adverse to Olympus/Gyrus. *See, e.g.,* page 1 of the surreply brief. Also, ArthroCare continues to ignore this Court's definition of "substantially related."

Addressing the latter point first, the standard in this Court for "substantially related" is whether information that might have been acquired in the representations overlaps. *See, e.g.,* *Conley v. Chaffinch*, 431 F. Supp. 2d 494, 498 (D. Del. 2006). The "impressions" about a client an attorney gained from the conflicting representations are to be considered. *Id.*, at 500. Weil's brief also ignores the parent/subsidiary cases discussed at page 14 of Gyrus's initial brief.

As to ArthroCare's continuing denials that ArthroCare is adverse to Olympus/Gyrus and that Weil's due diligence work pertaining to the Olympus acquisition of Gyrus and its representation of ArthroCare are substantially related, the ArthroCare lawsuit against Gyrus is an intellectual property matter which conflicts with Weil's obligation to conduct due diligence for Olympus on intellectual property matters pertaining to the Gyrus acquisition. The fact that Weil recused itself from analyzing this lawsuit as part of its due diligence responsibilities for Olympus

4

is an admission that ArthroCare is adverse to Olympus/Gyrus in that regard and that the matters are substantially related.

Finally, ArthroCare acknowledges, on page 5 of its surreply brief, that "matters are 'substantially related' ... if there is a risk that 'confidential factual information' exchanged in the first representation would 'materially advance the client's position in the subsequent matter.'" Certainly, Gyrus's impressions about its products charged with infringement, its handling of past infringement matters, the ArthroCare/Gyrus licenses, etc. "materially advance the client's position in the subsequent [ArthroCare] matter." *See, e.g.*, pages 11-12 of Gyrus's initial brief.

## V.    ARTHROCARE AGAIN IGNORES THE PREJUDICE TO OLYMPUS IF OLYMPUS TERMINATED WEIL WHEN OLYMPUS LEARNED OF THE CONFLICT

ArthroCare continues to assert, at page 4 of its surreply brief, that the fact that Olympus continued to utilize Weil as due diligence counsel in Olympus's acquisition of Gyrus establishes Olympus's consent. As established in Gyrus's reply brief at pages 8-10, Olympus simply had no choice but to continue with Weil. Mr. Hamilton's e-mails discussed above further confirm that Olympus had no viable option.

## VI.   CONCLUSION

For the reasons discussed above, ArthroCare's surreply brief by itself supports the disqualification of Weil.[3]

---

[3]ArthroCare disparages Gyrus and the undersigned counsel by asserting that the Olympus "no consent" letter of February 29, 2008 was the result of some improper activity by Gyrus and its counsel. In fact, Gyrus's counsel had nothing to do with the preparation or any aspect of the letter. Gyrus's counsel has never had any communications with Olympus. More importantly, and regardless of the timing, there is nothing wrong with Olympus stating that it does not consent to Weil's conflicting representation of ArthroCare in this case.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Darle M. Short
Thomas J. Pardini
Daniel A. Tanner III
Daniel M. Schneider
OLIFF & BERRIDGE, PLC
277 S. Washington Street, Suite 500
Alexandria, VA 22314
Tel: (703) 836-6400

Dated: March 19, 2008
Public Version Dated: March 24, 2008
856661/ 32487

By:    /s/ David E. Moore
       Richard L. Horwitz (#2246)
       David E. Moore (#3983)
       Hercules Plaza, 6th Floor
       1313 N. Market Street
       Wilmington, DE 19899
       Tel: (302) 984-6000
       rhorwitz@potteranderson.com
       dmoore@potteranderson.com

*Attorneys for Defendants*
*Gyrus Medical, Inc., Gyrus ENT., L.L.C.,*
*and Gyrus ACMI, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on March 24, 2008, the attached document was

electronically filed with the Clerk of the Court using CM/ECF which will send notification to the

registered attorney(s) of record that the document has been filed and is available for viewing and

downloading.

I further certify that on March 24, 2008, the attached document was Electronically

Mailed to the following person(s):

Jack B. Blumenfeld
Karen Jacobs Louden
Morris Nichols Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
JBlumenfeld@MNAT.com
klouden@mnat.com

Jared Bobrow
Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
jared.bobrow@weil.com

Nicholas Groombridge
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
nicholas.groombridge@weil.com

Cabrach J. Connor
Kevin Kudlac
Weil, Gotshal & Manges LLP
8911 Capital of Texas Highway, Suite 1350
Austin, TX 78759
cabrach.connor@weil.com
kevin.kudlac@weil.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
Wilmington, DE 19801
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

840224 / 32487