IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARTHROCARE CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 07-729-SLR |
| v. ) | |
| ) | |
| GYRUS MEDICAL, INC., GYRUS ENT, L.L.C., ) | **JURY TRIAL DEMANDED** |
| and GYRUS ACMI, INC., ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' NOTIFICATION REGARDING THE JUNE 11, 2008 ORDER

In the June 11, 2008 Order, the Court notified the parties that an evidentiary hearing concerning Defendants' Motion to Disqualify Plaintiff's Counsel Weil, Gotshal & Manges ("Motion to Disqualify") will be held on July 17, 2008, commencing at 4:00 p.m. Also in the Order, the Court stated, with regard to the evidence to be presented:

> Having reviewed the record, the court has concluded that, in order to prevail, defendants must present at the hearing evidence of (1) the specific confidential information relating to the instant litigation allegedly shared with Weil Gotshal in the first instance, and (2) how that information has been disseminated to their prejudice, in light of the Weil Gotshal declarations [the numbers (1) and (2) are added for convenience of reference below].

Defendants understand (2) as requiring that defendants' evidence must establish instances in which specific confidential information Weil Gotshal obtained from its representation of Olympus Corporation in Olympus Corporation's acquisition of defendants has been used by Weil Gotshal in this case to defendants' detriment. If defendants' understanding is correct, defendants, for the benefit of the Court and plaintiff, respectfully notify the Court that defendants cannot present evidence to meet stated requirement (2). Further, defendants may not be able to present evidence as to stated requirement (1) beyond the evidence submitted with defendants' various

briefs, because knowledgeable persons left the employ of defendants after the Olympus acquisition.

However, defendants respectfully submit that stated requirements (1) and (2), at least as understood by defendants, are not the legal standards that defendants' evidence has to meet for defendants to prevail on the Motion to Disqualify, as discussed below and in defendants' various briefs. More particularly, as to (1), the legal standard is not that "specific confidential information" must be gained from the conflicting representation for conflicted counsel to be disqualified. Rather, Courts consider the relevant information that <u>might</u> have been acquired due to the conflicting representation and the <u>mental impressions</u> of a party gained from the conflicting representation. *Conley v. Chaffinch*, 431 F. Supp.2d 494, 498, 500 (D. Del 2006). *See also Webb v. E.I. DuPont de Nemours & Co., Inc.*, 811 F. Supp. 158, 161-2 (D. Del. 1992) (holding that it does not have to be shown that actual conflicting information was gained by the conflicted representation; rather, it only has to be shown that the conflicting matters are "substantially related", citing in part *Richardson v. Hamilton Int'l Corp.*, 469 F.2d 1382, 1385 (3d Cir. 1972)) and pages 9-10 of Brief in Support of Defendants' Motion to Disqualify Plaintiff's Counsel Weil, Gotshal & Manges. As to (2), the case law does not require that actual prejudice be proven for a conflicted counsel to be disqualified. Counsel can be disqualified "for failing to avoid even the appearance of impropriety." *Kabi Pharmacia AB v. Alcon Surgical, Inc.*, 803 F. Supp. 957, 960 (D. Del. 1992), citing *International Business Mach. Corp. v. Levin*, 579 F.2d 271, 283 (3d Cir. 1978). *See also Conley*, 431 F. Supp.2d at 500 (quoting *International Business Mach. Corp.*), *Webb*, 811 F. Supp at 160, page 9 of Brief in Support of Defendants' Motion to Disqualify Plaintiff's Counsel Weil, Gotshal & Manges, and pages 10-11 of

Defendants' Reply Brief Regarding Motion to Disqualify Plaintiff's Counsel Weil, Gotshal & Manges. Even plaintiff's briefs fail to cite a case requiring actual prejudice.

If the Court maintains that requirements (1) and (2) must be met by defendants' evidence for defendants to prevail, and because defendants are notifying the Court before the hearing that they cannot present evidence that meets requirement (2), defendants respectfully suggest the following options to the Court:

(1)  proceed with the hearing and defendants will present evidence as to (1) (consisting of the evidence submitted with the briefs and any additional available evidence), but not (2); and permit defendants to present argument as to why (1) and (2) are inconsistent with the case law in defendants' view, or

(2)  cancel the hearing and enter an order denying the Motion to Disqualify based on (1) and (2); and defendants will then decide whether to request certification for immediate appeal.

In conclusion, if the Court is going to apply requirements (1) and (2) as the legal standards for the Motion to Disqualify, and if defendants correctly understand requirement (2) as requiring actual prejudice as stated above, defendants respectfully notify the Court that they cannot present any evidence as to item (2). Thus, defendants respectfully suggest that the Court proceed as discussed above.

|  |  |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| Darle M. Short<br>Thomas J. Pardini<br>Daniel A. Tanner III<br>Daniel M. Schneider<br>OLIFF & BERRIDGE, PLC<br>277 S. Washington Street, Suite 500<br>Alexandria, VA 22314<br>Tel: (703) 836-6400 | By: /s/ David E. Moore<br>Richard L. Horwitz (#2246)<br>David E. Moore (#3983)<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>Wilmington, DE 19899<br>Tel: (302) 984-6000<br>rhorwitz@potteranderson.com<br>dmoore@potteranderson.com |
| Dated: June 20, 2008<br>870793 / 32487 | *Attorneys for Defendants*<br>*Gyrus Medical, Inc., Gyrus ENT., L.L.C., and Gyrus ACMI, Inc.* |

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on June 20, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on June 20, 2008, the attached document was Electronically Mailed to the following person(s):

Jack B. Blumenfeld
Karen Jacobs Louden
Morris Nichols Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
JBlumenfeld@MNAT.com
klouden@mnat.com

Jared Bobrow
Paula B. Whitten
Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
jared.bobrow@weil.com
paula.whitten@weil.com

Nicholas Groombridge
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
nicholas.groombridge@weil.com

Cabrach J. Connor
Kevin Kudlac
Weil, Gotshal & Manges LLP
8911 Capital of Texas Highway, Suite 1350
Austin, TX 78759
cabrach.connor@weil.com
kevin.kudlac@weil.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
Wilmington, DE 19801
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

840224 / 32487