IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARTHROCARE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>GYRUS MEDICAL, INC., GYRUS ENT, L.L.C., and GYRUS ACMI, INC.,<br><br>Defendants. | C.A. No. 07-729-SLR |

**ARTHROCARE CORPORATION'S RESPONSE TO DEFENDANTS' "NOTIFICATION" REGARDING THE COURT'S JUNE 11, 2008 ORDER AND REQUEST TO CANCEL THE JULY 17, 2008 HEARING**

ArthroCare Corporation ("ArthroCare") submits this response to the "Notification" (D.I. 52) of defendants Gyrus Medical, Inc., Gyrus Ent, L.L.C., and Gyrus ACMI, Inc. (collectively, "Defendants") regarding the Court's June 11, 2008 Order on their motion to disqualify Weil, Gotshal & Manges LLP ("Weil Gotshal"). Defendants concede that they have no evidence that any information obtained by Weil Gotshal in the course of the Olympus/Gyrus transaction has been shared with any member of the team representing ArthroCare in this case or otherwise disseminated to Defendants' prejudice. Defendants are unable to point to any "specific confidential information relating to the instant litigation" shared with Weil Gotshal, and hold out no hope of being able to do so at an evidentiary hearing.

Under these circumstances, an evidentiary hearing would serve no purpose except to confirm what is already clear from the papers – Defendants disclosed no confidential information relating to this lawsuit to Weil Gotshal in connection with the Olympus/Gyrus deal and Weil Gotshal did not disseminate any information that it did receive in connection with that deal to any member of the ArthroCare litigation team.

Further, contrary to Defendants' argument, the evidentiary burden set forth in the Court's June 11 Order is correct. The cases Defendants rely upon were decided not under Model Rule 1.7(a)(2), which Defendants assert as a basis for disqualification here, but rather under Model Rule 1.9, which governs representation of former clients. Defendants are not and never were "clients" of Weil Gotshal. D.I. 24 at pp. 12-17. In any event, the cases Defendants rely upon do not stand for the proposition that disqualification is appropriate whenever a law firm "might" have obtained confidential information in the course of a former representation. *See Conley v. Chaffinch*, 431 F. Supp. 2d 494, 498 (D. Del. 2006) ("[T]he court should not 'allow its imagination to run free with a view to hypothesizing conceivable but unlikely situations in which confidential information 'might' have been disclosed which would be relevant to the present suit.'") (quoting *Satellite Fin. Planning Corp. v. First Nat'l Bank of Wilmington*, 652 F. Supp. 1281, 1284 (D. Del. 1987))). The standard Defendants urge here goes even beyond "conceivable but unlikely" – they ask the Court to disqualify Weil Gotshal based on an uncontested record that Weil Gotshal received *no* specific confidential information relating to this lawsuit and that *no* information at all was disseminated in any way that prejudiced Defendants. Under these circumstances, the Court has the discretion to deny a motion to disqualify under any standard.

Given that Defendants acknowledge that they have no evidence to present in support of their motion, ArthroCare respectfully requests that the Court do what Defendants have requested: "cancel the hearing and enter an order denying the Motion to Disqualify."[1]

---

[1] If the Court nevertheless believes an evidentiary hearing is necessary, we wish to call a scheduling issue to the Court's attention. The primary Weil Gotshal lawyer on the Olympus Gyrus transaction, Mr. Hamilton, who is based in London, will be on a long-planned vacation in Europe, making it very difficult for him to travel to Wilmington to testify on July 17. If the Court does not cancel the hearing, we would like to explore the possibility of alternative dates.

2

*Of Counsel:*

Adam P. Strochak
WEIL, GOTSHAL & MANGES LLP
1300 Eye Street, NW, Suite 900
Washington, DC 20005
(202) 682-7000

Jared B. Bobrow
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000

Kevin Kudlac
Cabrach J. Connor
WEIL, GOTSHAL & MANGES LLP
8911 Capital of Texas Highway
Suite 1350
Austin, TX 78759
(512) 349-1930

Dated: June 25, 2008
2383844

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack Blumenfeld*

Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
James W. Parrett, Jr. (#4292)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
klouden@mnat.com
jparrett@mnat.com

*Attorneys for Plaintiff*
*ArthroCare Corporation*

3

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

>   Richard L. Horwitz
>   David E. Moore
>   POTTER ANDERSON & CORROON LLP

I further certify that I caused to be served copies of the foregoing document on June 25, 2008 upon the following in the manner indicated:

| | |
|---|---|
| Richard L. Horwitz<br>David E. Moore<br>POTTER ANDERSON & CORROON LLP<br>1313 North Market Street<br>Hercules Plaza – 6th Floor<br>Wilmington, DE 19801 | *VIA ELECTRONIC MAIL<br>and HAND DELIVERY* |
| Darle M. Short<br>Thomas J. Pardini<br>Daniel A. Tanner, III<br>Daniel M. Schneider<br>Oliff & Berridge, PLC<br>277 S. Washington Street, Suite 500<br>Alexandria, VA 22314 | *VIA ELECTRONIC MAIL* |

/s/ Jack B. Blumenfeld
Jack B. Blumenfeld (#1014)