IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARTHROCARE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>GYRUS MEDICAL, INC., GYRUS ENT, L.L.C., and GYRUS ACMI, INC.,<br><br>Defendants. | C.A. No. 07-729-SLR<br><br>**JURY TRIAL DEMANDED** |

### GYRUS'S REPLY TO ARTHROCARE CORPORATION'S RESPONSE TO DEFENDANTS' "NOTIFICATION" REGARDING THE COURT'S JUNE 11, 2008 ORDER AND REQUEST TO CANCEL THE JULY 17, 2008 HEARING

Gyrus submits this brief reply to address a few statements in ArthroCare's response, including an incorrect statement.

First, the response states on page 1:

Defendants are unable to point to any 'specific confidential information relating to the instant litigation' shared with Weil Gotshal, and hold out no hope of being able to do so at an evidentiary hearing.

That statement is incorrect. The evidence submitted with Gyrus's briefs establishes that "specific confidential information relating to the instant litigation" was shared with Weil Gotshal. *See, e.g.*, Exhibit 1, ¶ 7, which is declaration testimony that the discussions involving Weil Gotshal included "confidential information about Gyrus Group's PK technology and the products embodying that technology," which are the technology and products in this case, because Olympus was very interested in that technology and those products. *See also* Exhibit 1, ¶ 8, and Exhibit 2, ¶¶ 5 and 6, which is declaration testimony that prior patent infringement litigation involving Gyrus and ArthroCare and the Gyrus/ArthroCare licenses were discussed with Weil Gotshal. In addition, one or more Olympus representatives from Japan may testify at the hearing on this point. Perhaps the reason for the incorrect statement is that ArthroCare

misunderstood Gyrus's Notification, which states that Gyrus cannot present evidence as to stated requirement 2, which is the actual prejudice requirement, as the requirement is understood by Gyrus. The Notification does not state that Gyrus cannot present evidence as to stated requirement 1.

Second, missing from the response is any reference to a case requiring actual prejudice to be established as a requirement for disqualification of counsel.

Third, Olympus, the sole owner of Gyrus, is Weil Gotshal's client. Surely, there are not less stringent requirements than as set forth in *Conley v. Chaffinch*, 43 F. Supp.2d 494 (D. Del. 2006) for concurrent representations as opposed to former representations.

Finally, in footnote 1 on page 2, ArthroCare requests that the hearing be rescheduled if the Court proceeds with the hearing. Gyrus has no objection to the rescheduling of the hearing, as long as sufficient lead time is provided for the Japanese witnesses to schedule their trips. Gyrus is willing to work with the Court and ArthroCare in that regard if the Court desires.

    Respectfully submitted,

    POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Darle M. Short
Thomas J. Pardini
Daniel A. Tanner III
Daniel M. Schneider
OLIFF & BERRIDGE, PLC
277 S. Washington Street, Suite 500
Alexandria, VA 22314
Tel: (703) 836-6400

Dated: June 27, 2008
871811/32487

By: /s/ David E. Moore
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE 19899
    Tel: (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for Defendants*
*Gyrus Medical, Inc., Gyrus ENT., L.L.C.,*
*and Gyrus ACMI, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on June 27, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on June 27, 2008, the attached document was Electronically Mailed to the following person(s):

Jack B. Blumenfeld
Karen Jacobs Louden
Morris Nichols Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
JBlumenfeld@MNAT.com
klouden@mnat.com

Jared Bobrow
Paula B. Whitten
Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
jared.bobrow@weil.com
paula.whitten@weil.com

Nicholas Groombridge
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
nicholas.groombridge@weil.com

Cabrach J. Connor
Kevin Kudlac
Weil, Gotshal & Manges LLP
8911 Capital of Texas Highway, Suite 1350
Austin, TX 78759
cabrach.connor@weil.com
kevin.kudlac@weil.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
Wilmington, DE 19801
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

840224 / 32487